JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RYAN KENNEDY

**DEFENDANTS**
THE CHEF'S KINGDOM, INC. AND
ANGEL SANCHEZ-PEREZ

**(b)** County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam S. Barrist, Esq., 215-432-8829
P.O. Box 1820, Media, PA 19063

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332
Brief description of cause:
Motor vehicle collision in Philadelphia, PA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** In excess of $150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 09/07/2021
SIGNATURE OF ATTORNEY OF RECORD: /s/ ASB3587

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RYAN KENNEDY<br>**Plaintiff**<br>v.<br>THE CHEF'S KINGDOM, INC. AND ANGEL SANCHEZ-PEREZ<br>**Defendants** | : : : : : : | CIVIL ACTION<br><br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                         (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( x )

| 09/07/2021 | /s/ Adam S. Barrist, Esq. | RYAN KENNEDY |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-432-8829 | 267-247-3098 | abarrist@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ _____ _____
                                                    *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.    *Federal Question Cases:*                     B.    *Diversity Jurisdiction Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts      ☐ 1. Insurance Contract and Other Contracts
☐ 2. FELA      ☐ 2. Airplane Personal Injury
☐ 3. Jones Act-Personal Injury      ☐ 3. Assault, Defamation
☐ 4. Antitrust      ☐ 4. Marine Personal Injury
☐ 5. Patent      ☐ 5. Motor Vehicle Personal Injury
☐ 6. Labor-Management Relations      ☐ 6. Other Personal Injury *(Please specify)*: _____
☐ 7. Civil Rights      ☐ 7. Products Liability
☐ 8. Habeas Corpus      ☐ 8. Products Liability – Asbestos
☐ 9. Securities Act(s) Cases      ☐ 9. All other Diversity Cases
☐ 10. Social Security Review Cases               *(Please specify)*: _____
☐ 11. All other Federal Question Cases
       *(Please specify)*: _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____
                                                    *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KENNEDY<br>3011 Old Rodgers Road<br>Bristol, PA 19007<br><br>    Plaintiff,<br><br> v.<br><br>THE CHEF'S KINGDOM, INC.<br>1 Alpine Court<br>Chestnut Ridge, NY 10977<br><br>and<br><br>ANGEL SANCHEZ-PEREZ<br>2 Carlton Road, Apt. 1<br>Monsey, NY 10952<br><br>    Defendants. | CIVIL ACTION<br><br>No._____ |

## **COMPLAINT**

Plaintiff, Ryan Kennedy ("Mr. Kennedy" or "Plaintiff"), through his undersigned attorney, brings the following Complaint against the above-captioned Defendants.

## **PARTIES**

1. Plaintiff is an adult individual, citizen, resident and domiciliary of the Commonwealth of Pennsylvania, with a home address of 3011 Old Rodgers Road, Bristol, PA 19007.

2. Defendant, The Chef's Kingdom, Inc. ("Chef's Kingdom"), is, upon information and belief, a corporation, partnership or other business entity in the State of New York, with a

principal place of business, place of incorporation and citizenship of 1 Alpine Court, Chestnut Ridge, NY 10977.

3. Defendant, Angel Sanchez-Perez ("Mr. Sanchez-Perez"), is, upon information and belief, an adult individual, citizen, resident and domiciliary of the State of New York, with a home address of 2 Carlton Road, Apt. 1, Monsey, NY 10952.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff is a citizen, resident and domiciliary of the Commonwealth of Pennsylvania, Chef's Kingdom is a corporation, partnership or other business entity with a place of incorporation, principal place of business of and citizenship of the State of New York and Mr. Sanchez-Perez is a citizen, resident and domiciliary of the State of New York.

5. There is, therefore, complete diversity between all Plaintiffs and all Defendants.

6. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Philadelphia, PA, within this District.

## FACTS

8. On September 2, 2020, Mr. Kennedy was severely injured when Mr. Sanchez-Perez negligently struck his vehicle from behind while Mr. Kennedy was stopped in traffic on I-95 northbound at mile marker 25.0 in Philadelphia, PA.

9. At the time of the collision, Mr. Sanchez-Perez was in the course and scope of

employment with Chef's Kingdom.

10. Under Pennsylvania law, 75 Pa.C.S.A.§1705(d)(1)(ii), in light of Mr. Sanchez-Perez's vehicle being registered in the State of New York, Mr. Kennedy is bound by the full-tort option in this case.

11. Such violent collision caused Mr. Kennedy to **a)** sustain the permanent injuries described below, that have caused his body to not heal or function normally with further medical treatment; and **b)** suffer significant financial harm.

## COUNT ONE – NEGLIGENCE
### Plaintiff v. Defendant, Chef's Kingdom

12. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

13. As the direct and proximate cause of Chef's Kingdom's negligence as stated above, Mr. Kennedy has suffered severe permanent physical injury, disfigurement and financial loss.

14. The injuries that Mr. Kennedy has sustained are permanent in nature. Mr. Kennedy has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of his natural life.

15. As a further result of the above negligent acts committed by Chef's Kingdom, Mr. Kennedy has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

16. As a further result of the above negligent acts committed by Chef's Kingdom, Mr. Kennedy has incurred and will continue to incur substantial financial harm due to vehicular property damage.

17. In addition, Mr. Kennedy has suffered other economic injury and will likely continue to suffer such economic injury.

18. Chef's Kingdom, vicariously, through its agent/employee/authorized representative, Mr. Sanchez-Perez, operated its vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

19. Chef's Kingdom had a duty to Mr. Kennedy to not employ individuals who would operate its vehicle in such a careless and/or negligent manner.

20. Chef's Kingdom breached said duty, as set forth below.

21. As a direct and proximate result of the aforesaid acts, omissions, carelessness, and/or negligence on the part of Chef's Kingdom, Mr. Kennedy suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to his regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

22. The aforesaid accident was caused by the negligence and/or carelessness of Chef's Kingdom because it, itself, and/or, vicariously, through its agent/employee/authorized representative, Mr. Sanchez-Perez:

    a. Failed to keep its vehicle under control at all relevant times;

    b. Caused its vehicle to be driven at an excessive speed under the circumstances;

    c. Violated the Assured Clear Distance Ahead Rule;

    d. Disregarded traffic signals and signs;

    e. Failed to keep a proper lookout;

    f. Violently struck Plaintiff's vehicle from behind;

    g. Was driving in distracted fashion;

    h. Negligently hired Mr. Sanchez-Perez;

    i. Negligently trained Mr. Sanchez-Perez;

    j. Negligently caused/forced Mr. Sanchez-Perez to drive its vehicle when he was in an unfit physical and/or mental condition to do so;

    k. Caused its vehicle to be in an unsafe condition; and

    l. Otherwise failed to exercise due care under the circumstances.

23. As the result of the above-referenced accident, Mr. Kennedy suffered painful and serious injuries, including, but not limited to:

    a. disc herniation at C5-6;

    b. tears of the supraspinatus and infraspinatus tendons;

    c. disc bulge at L3-4;

    d. radiculopathy at C5 and L5;

    e. other radiculopathy;

    f. cervicalgia;

    g. nerve damage throughout his body;

    h. strains, sprains, disc bulges and disc herniations throughout his body, the extent of which is presently unknown;

    i. torn ligaments and tendons throughout his body, the extent of which is presently unknown;

    j. head injuries, the extent of which is presently unknown; and

    k. emotional harm, the extent of which is presently unknown.

24. As a result of such accident, Mr. Kennedy has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

25. As a result of such accident, Mr. Kennedy has incurred unreimbursed property loss/damages and will continue to incur said expenses for an indefinite time into the future.

26. As a result of such accident, Mr. Kennedy suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

27. As a result of such accident, Mr. Kennedy has suffered lost wages, and will suffer a loss of future earnings capacity.

28. As a further result of such accident, Mr. Kennedy has suffered and will continue to suffer a loss of life's pleasures.

**WHEREFORE**, Plaintiff, Ryan Kennedy, demands judgment against the Defendant, The Chef's Kingdom, Inc., in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

## COUNT TWO – NEGLIGENCE
### Mr. Kennedy v. Defendant, Angel Sanchez-Perez

29. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

30. As the direct and proximate cause of Mr. Sanchez-Perez's negligence as stated above, Mr. Kennedy has suffered severe permanent physical injury and financial loss.

31. The injuries that Mr. Kennedy has sustained are permanent in nature.  Mr. Kennedy has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of his natural life.

32. As a further result of the above negligent acts committed by Defendant, Mr. Kennedy has

incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

33. As a further result of the above negligent acts committed by Mr. Sanchez-Perez, Mr. Kennedy has incurred and will continue to incur substantial financial harm due to vehicular property damage.

34. In addition, Mr. Kennedy has suffered other economic injury and will likely continue to suffer such economic injury.

35. Mr. Sanchez-Perez operated his vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

36. Mr. Sanchez-Perez had a duty to Mr. Kennedy to not operate his vehicle in such a careless, and/or negligent manner.

37. Mr. Sanchez-Perez breached said duty, as set forth below.

38. As a direct and proximate result of the aforesaid acts, omissions, carelessness, and/or negligence on the part of Mr. Sanchez-Perez, Mr. Kennedy suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to his regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

39. The aforesaid accident was caused by the negligence and/or carelessness of Mr. Sanchez-Perez because he:

   a) Failed to keep his vehicle under control at all relevant times;
   b) Was driving at an excessive speed under the circumstances;

  c) Violated the Assured Clear Distance Ahead Rule;

  d) Disregarded traffic signals and signs;

  e) Failed to keep a proper lookout;

  f) Violently struck Plaintiff's vehicle from behind;

  g) Was driving in distracted fashion;

  h) Caused a violent collision to take place; and

  i) Otherwise failed to exercise due care under the circumstances.

40. As the result of the above-referenced accident, Mr. Kennedy suffered painful and serious injuries, including, but not limited to:

  a) disc herniation at C5-6;

  b) tears of the supraspinatus and infraspinatus tendons;

  c) disc bulge at L3-4;

  d) radiculopathy at C5 and L5;

  e) other radiculopathy;

  f) cervicalgia;

  g) nerve damage throughout his body;

  h) strains, sprains, disc bulges and disc herniations throughout his body, the extent of which is presently unknown;

  i) torn ligaments and tendons throughout his body, the extent of which is presently unknown;

  j) head injuries, the extent of which is presently unknown; and

  k) emotional harm, the extent of which is presently unknown.

41. As a result of such accident, Mr. Kennedy has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

42. As a result of such accident, Mr. Kennedy has incurred unreimbursed property loss/damages and will continue to incur said expenses for an indefinite time into the future.

43. As a result of such accident, Mr. Kennedy suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

44. As a result of such accident, Mr. Kennedy has suffered lost wages, and will suffer a loss of future earnings capacity.

45. As a further result of such accident, Mr. Kennedy has suffered and will continue to suffer a loss of life's pleasures.

**WHEREFORE**, Plaintiff, Ryan Kennedy, demands judgment against the Defendant, Angel Sanchez-Perez, in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

**THE BARRIST FIRM, LLC**

By: /s/ ASB3587

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063
Attorney for Plaintiff

Date: September 7, 2021

9

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KENNEDY<br>3011 Old Rodgers Road<br>Bristol, PA 19007<br><br>    Plaintiff,<br><br> v.<br><br>THE CHEF'S KINGDOM, INC.<br>1 Alpine Court<br>Chestnut Ridge, NY 10977<br><br>and<br><br>ANGEL SANCHEZ-PEREZ<br>2 Carlton Road, Apt. 1<br>Monsey, NY 10952<br><br>    Defendants. | CIVIL ACTION<br><br>No._____ |

## JURY DEMAND

 Plaintiff, Ryan Kennedy, hereby demands a trial by twelve (12) jurors.

        Respectfully submitted,

        **THE BARRIST FIRM, LLC**

        By: /s/ ASB3387

        Adam S. Barrist, Esq.
        THE BARRIST FIRM, LLC
        P.O. Box 1820
        Media, PA 19063

        Attorney for Plaintiff

Date: September 7, 2021